# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOSEPH DARRELL DANIELS,**
**DOC # V30060,**

    **Plaintiff,**

**vs.**                                                **CASE NO. 4:24-cv-154-AW-MAF**

**SERGEANT MIXON, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner proceeding in forma pauperis, initiated this case by filing a civil rights complaint, ECF No. 1, on April 3, 2024. The Court conducted a review of the complaint under 28 U.S.C § 1915A, found it to be insufficient to proceed as filed, and allowed Plaintiff an opportunity to submit an amended complaint. ECF No. 7. Plaintiff filed an amended complaint, ECF No. 8, which the Court also found to be insufficient under 28 U.S.C § 1915A. ECF No. 9. Plaintiff was given another opportunity to correct the identified deficiencies and was ordered to file a second amended complaint by August 9, 2024. He has not done so.

Plaintiff's amended complaint did not allege any claims that could be brought under 42 U.S.C § 1983. Instead, it alleged five claims in violation of

Florida law or the Florida Constitution. ECF Nos. 8, 9. Plaintiff was informed that to bring a civil rights case in federal court, he must allege a violation of federal statute, treaty, or the United States Constitution. ECF No. 9 at 2. Plaintiff also failed to state when the alleged assault occurred. Id. Several other deficiencies were addressed, including failure to comply with Federal Rule of Civil Procedure 8. Id. Plaintiff was warned that failure to comply with the Court's order may result in a recommendation of dismissal. Id. at 5.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

Furthermore, the Eleventh Circuit has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Id. It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011). Here, Plaintiff was given two opportunities to file a sufficient amended complaint and was warned that a recommendation of dismissal could be entered if he failed to submit a second

amended complaint. As of this date, nothing further has been received from Plaintiff. Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** at Tallahassee, Florida on August 21, 2024.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**